**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>    **Plaintiff,**<br><br>  **vs.**<br><br>**JOHN ANDREW SMRIGA III**<br><br>    **Defendant.** | **CASE NUMBER: 2:25CR115-001**<br>**USM Number: 09075-512**<br><br><br>**STEVE E HADDAD**<br>**DEFENDANT'S ATTORNEY** |

## JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pleaded guilty to count(s) 1 and 2 of the Indictment on November 20, 2025.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:875(c) KNOWINGLY AND WILLFULLY TRANSMIT INTERSTATE AND FOREIGN COMMUNICATIONS WITH A THREAT TO INJURE | Count 1: September 2025<br>Count 2:  February 2025 | 1-2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

February 24, 2026
———————————————————
Date of Imposition of Judgment

s/ Philip P. Simon
———————————————————
Signature of Judge

Philip P. Simon, United States District Judge
———————————————————
Name and Title of Judge

February 25, 2026
———————————————————
Date

Case Number: 2:25CR115-001
Defendant: JOHN ANDREW SMRIGA III                                      Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TIME SERVED** as of February 24, 2026.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

Case Number: 2:25CR115-001
Defendant: JOHN ANDREW SMRIGA III                                        Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ONE YEAR.**

As a condition of Supervised Release the defendant shall serve an eight (8) month term of home detention with location monitoring equipment to ensure compliance with this condition.

Within 72 hours of the judgment or after the defendant's release from the custody of the Bureau of Prisons, defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

1. Defendant shall not commit another federal, state or local crime.

2. Defendant shall not unlawfully use, possess, or distribute a controlled substance.

3. The mandatory drug testing condition is suspended, based on the Court's determination that the defendant poses a low risk of future substance abuse.

4. Defendant shall cooperate in the collection of DNA as directed by the probation officer.

## DISCRETIONARY CONDITIONS OF SUPERVISION

While on supervision, the defendant shall comply with the following discretionary conditions:

1. The defendant shall not knowingly leave the federal judicial district without the permission of the court or probation officer. The probation office will provide a map or verbally describe the boundaries of the federal judicial district at the start of supervision.

2. The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. Thereafter, the defendant shall report to the probation officer in the manner and as frequently as reasonably directed by the court or probation officer during normal business hours.

3. The defendant shall not knowingly answer falsely any inquiries by the probation officer. However, the defendant may refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4. The defendant shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. The defendant may petition the Court to seek relief or clarification regarding a condition if he believes it is unreasonable.

5. The defendant shall make reasonable effort to obtain and maintain employment at a lawful occupation unless he is excused by the probation officer for schooling, training, or other acceptable reasons such as childcare, elder care, disability, age or serious health condition.

6.      The defendant shall notify the probation officer at least ten days prior to any change in residence or any time the defendant leaves a job or accepts a job.  In the event that a defendant is involuntarily terminated from employment or evicted from a residence, the offender must notify the Probation Officer within forty-eight (48) hours.

7.      The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and if such activity commences when he is present, the defendant must immediately leave the location.

8.      The defendant shall not meet, communicate, or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

9.      The defendant shall permit a probation officer to visit him at any time at home or any other reasonable location between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

10.     The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

11.     The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court.

12.     The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

13.     The defendant shall participate in a mental health program approved by the United States Probation Office, if necessary after evaluation at the time of release. The defendant shall pay all or part of the costs for participation in the ordered program not to exceed his ability to pay for it. Failure to pay due to financial inability to pay shall not be grounds for revocation.

14.     Defendant shall serve an EIGHT (8) month term of home detention to begin within 10 days of placement on supervision, with location monitoring equipment to ensure compliance with this condition.  During this time, defendant shall remain at his place of residence except for times specifically authorized in advance by the probation officer. If the monitoring service alerts probation that either the monitoring equipment has malfunctioned or defendant is in noncompliance, home visits may be conducted by the probation officer at any time to ensure that the location monitoring equipment is properly working and that defendant is in compliance with his home detention condition.  The defendant shall pay all or part of the costs for participation in the ordered program not to exceed his ability to pay for it. Failure to pay due to financial inability to pay shall not be grounds for revocation.

Based on a thorough review of the defendant's financial condition as detailed in the presentence report, the Court finds that the defendant does have the ability to pay a fine. The Court imposes a fine of $2,000.

The defendant shall pay to the United States a total special assessment of $200, which shall be due immediately. (18 U.S.C. §§ 3013.)

Case Number: 2:25CR115-001
Defendant: JOHN ANDREW SMRIGA III                                          Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200 | $2,000 | NONE |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

A fine in the amount of $2,000 is imposed.  The fine shall be payable at the rate of a $150.00 monthly installment until paid in full.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A FINE in the amount of $2,000 is imposed with MONTHLY payments in the amount of $150 until paid in full

Case Number: 2:25CR115-001
Defendant: JOHN ANDREW SMRIGA III                                        Page 6 of 6

Name:<u>JOHN ANDREW SMRIGA III</u>
Docket No.:<u>2:25CR115-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____          _____
Defendant                                                                    Date

_____          _____
U.S. Probation Officer/Designated Witness                  Date